IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES JOHNSON                                                              PLAINTIFF

v.                          No. 3:19-cv-271-DPM

OLLIE COLLANS, Chief, Osceola Police
Department; BILL FOSTER, Jail
Administrator, Osceola; RONNIE WILLIAM,
C.I.D., Security for O.H.A. Housing, Osceola
Police Department; BOBBY MARTINAZ,
Patrol Officer, Osceola Police Department;
and MARVEL CARR, School Security,
Osceola Police Department                                                DEFENDANTS

ORDER

1. Motion to proceed *in forma pauperis*, № 1, granted. The Court won't assess an initial partial filing fee because Johnson can't afford to pay one. But his custodian must collect monthly payments from Johnson's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Johnson's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this order to the Administrator of the Osceola Jail, 401 West Keiser, Osceola, Arkansas 72370.

**3.** The Court must screen Johnson's complaint. № 2; 28 U.S.C. § 1915A. Johnson was charged with rape and is awaiting trial. He was banned for a year from all Osceola Housing Authority properties based on the alleged rape. Johnson maintains his innocence and seeks damages. № 2.

The Court must abstain from proceeding with Johnson's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Johnson may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). He says William and Martinaz are harassing him and that he's been wrongfully accused of rape three times; but there's no indication of the type of bad faith or extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Johnson's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

* * *

This case is stayed; and the Court directs the Clerk to administratively terminate it. Johnson can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Johnson doesn't file a timely motion to reopen or a status report by 8 October 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 October 2019